In the matter of the estate of MARTIN V. B. CATER, Deceased.

## July 8, 1885.

Contract—Consideration.—An agreement by one to discharge a person in his employ is a sufficient consideration for a promise by another to pay a specified sum of money therefor, and is not *per se* illegal.

In this matter the executors of the deceased appealed to the district court for Mille Lacs county from an order of the probate court, allowing the claim of one E. C. Gile against the estate of their testator for $200, alleged to be due on the special contract set out in the opinion. The appeal was tried before *Collins*, J., and a jury, and a verdict was rendered allowing the claim. The executors appeal from an order refusing a new trial.

*Taylor & Taylor*, for appellant.

*D. W. Bruckart*, for respondent.

BERRY, J. Gile had entered into a written contract with Cater to cut and bank logs, in performing which he had in his employ as foreman one Cleary, his son-in-law. While the work was going on, it was orally agreed between Gile and Cater that Gile should "take Cleary out of the woods," or, in other words, remove or discharge him from his employment, and that he (Gile) should bank 650,000 feet of logs, and that Cater should pay him therefor $200. There was competent evidence to show full performance of this oral agreement on the part of Gile.

It is contended that Gile was bound by the written contract to cut and bank the 650,000 feet of logs, and that therefore his subsequent
v.33m—34

oral agreement to bank them was not a consideration for the alleged promise to pay the $200. However this may be, we can conceive of no reason why that promise is not sufficiently supported by the agreement to remove Cleary. It is suggested that this agreement was illegal as a conspiracy or *quasi* conspiracy against Cleary, or as an undertaking to wrong him in some way. But we discover nothing in the case to countenance this suggestion. Exactly why Cater desired his removal does not distinctly appear, nor is it material that it should. There is nothing whatever to show, or to raise a suspicion, that any improper means were to be used to accomplish his removal, or that wrong or injustice was intended or expected to be done him, or was, in fact, done him, by his removal. For aught that appears to the contrary, he may have been paid for consenting to a removal. That, in the absence of any illegality, the agreement to remove would furnish a sufficient consideration for Cater's promise, so that, upon performance, Gile would be entitled to recover, would seem to require no argument.

The other points made upon appellant's brief are so readily answered in respondent's brief as to need no further consideration.

Order affirmed.